UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23456-Civ-COOKE/TORRES

AMERICAN SAFETY INDEMNITY
COMPANY, a foreign corporation,

    Plaintiff,

vs.

L&R STRUCTURAL CORP., INC.,
a Florida corporation, *et al.*,

    Defendants.
_____/

MT. HAWLEY INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

vs.

MELO CONTRACTORS CORP., *et al.*,

    Defendants.
_____/

## ORDER GRANTING STAY

THIS MATTER is before me on Defendant Edvin Vazquez Calderon's ("Calderon") Motions to Stay American Safety Indemnity Company's ("ASIC") and Mt. Hawley Insurance Company's ("Mt. Hawley") Petitions for Declaratory Relief (ECF Nos. 39, 42). For the reasons outlined below, Calderon's Motions are granted and this case is stayed.

### I. BACKGROUND

Defendant Calderon filed a state court complaint for damages related to injuries he suffered from the alleged negligence of various property owners, contractors, and subcontractors while Calderon worked at a construction site in Miami-Dade County, Florida. ASIC and Mt. Hawley are the commercial general liability insurers for some of the parties in the state case. ASIC insures L&R Structural Corporation, Inc. ("L&R"), while Mt. Hawley insures Martin Melo ("Melo") and his Melo Contractors Corporation ("Melo Contractors").

Each insurer separately filed a federal action seeking a declaratory judgment that it did not have a duty to defend or indemnify either its insured or other parties in the underlying state action. Both insurers claim that, at the time of the accident, Calderon was effectively an employee of one of the other subcontractors involved with the construction site, thereby making Calderon a statutory employee of their insureds. Accordingly, the insurers allege their insurance policies' exclusions for workers' compensation and employer liability apply and exempt them from defending or indemnifying their insureds in the underlying state action. Calderon contends that he was a "legal invitee" in the underlying state action, however, not an employee for any subcontractor. I consolidated both declaratory judgment cases under this action. *See Mt. Hawley Insurance Co. v. Melo Contractors, Corp.,* et al., 1:15-cv-23927-MGC, ECF No. 12.

## II. LEGAL STANDARD

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir.2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). The Supreme Court has observed that it is "uneconomical" and "vexatious" to proceed with a federal declaratory judgment suit when a parallel state action is pending. *Brillhart*, 316 U.S. at 495. Courts may deem concurrent state and federal actions in parallel if the parties and issues involved are "sufficiently similar" in nature. *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP,* No. 11-60136-CIV, 2011 WL 2436693, at *3 (S.D. Fla. June 14, 2011).

The Eleventh Circuit in *Ameritas* provided nine factors courts may use to evaluate whether to dismiss a federal declaratory action in light of an ongoing parallel state action:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

>(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
>(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
>(6) whether there is an alternative remedy that is better or more effective;
>
>(7) whether the underlying factual issues are important to an informed resolution of the case;
>
>(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
>(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). These factors serve as "guideposts" and are "neither absolute nor is any factor controlling." *Id.*

### III. DISCUSSION

#### A. "Sufficiently similar" cases

I find that the parties and issues pending in the state and federal actions are "sufficiently similar," such that they are parallel and the *Ameritas* factors apply. *See Amerisure Mut. Ins. Co.*, 2011 WL 2436693, at *3. Defendants are all named parties in the underlying state court action. Neither ASIC nor Mt. Hawley is a formal party in the state action, though each is defending their insured under its reservation of rights. To be sure, district courts have differed on whether an insurance company must be a named party in a state action before applying the *Ameritas* factors. *Compare Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP*, No. 11-60136-CIV, 2011 WL 2436693, at *4 (S.D. Fla. June 14, 2011) (discussing cases barring dismissal of federal declaratory action since the insurance company was not a party in the state action), *with Penn Millers Ins. Co. v. AG-Mart Produce Inc.,* 2006 WL 2864402 (M.D. Fla. Oct. 5, 2006), *aff'd* 260 Fed. App'x 175 (11th Cir. 2007) (dismissing federal declaratory action even though the insurance company was not a formal party in the state action).

More conclusive, however, is that the issues involved in both actions substantially overlap one another. The state suit should address facts at the heart of the insurance exemptions

in question here—whether Calderon was an employee of one of the subcontractors at the construction site. Fact-finding on the state level should determine what extent, if any, ASIC and Mt. Hawley are liable in the state court action.

### B. *Ameritas* analysis

Having found the cases "sufficiently similar," I find that applying the *Ameritas* factors compel a stay of this federal declaratory action. Though *Ameritas* factors two through four do not mandate a stay, the remaining *Ameritas* factors convince me that a stay is appropriate.

*Ameritas* factors one and nine relate to the state's interests and laws. Factor one weighs "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts"; factor nine asks "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Ameritas Variable Life Ins. Co.*, 411 F.3d 1331. Florida substantive law applies to the underlying state action as well as ASIC and Mt. Hawley's declaratory relief. Thus, the state has a strong interest in hearing this case and there is a nexus between the underlying factual and legal issues and state law.

Factors five and six probe the possible interference with state proceedings and, related, the alternative ways to resolve the issue. Factor five asks "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction"; factor six asks "whether there is an alternative remedy that is better or more effective." *Id.* Here, the state court is already familiar with the facts and legal issues that have emerged through almost two years of litigation and is poised to begin trial in January. The state court will also analyze Calderon's role and employment at the time of the accident before this Court would be able to do so. Hence, the use of a declaratory action now would improperly encroach on state jurisdiction and would create redundant litigation efforts when the state court will presumably address Calderon's employment status. *See Amerisure Mut. Ins. Co.*, 2011 WL 2436693, at *6.

Factors seven and eight assess the factual issues at bar. Factor seven asks "whether the underlying factual issues are important to an informed resolution of the case"; factor eight asks "whether the state trial court is in a better position to evaluate those factual issues than is the federal court." *Ameritas Variable Life Ins. Co.*, 411 F.3d 1331. As mentioned, the underlying state action is ongoing and the state court, with its knowledge of the issues, is already assessing the

disputed material issues at bar. What is more, "it is well-established law that the duty to indemnify the insured must be measured at the trial level; this duty is 'not determined by mere allegations but by the facts' in the underlying tort action." *Penn Millers Ins. Co.*, 2006 WL 2864402, at *1 (quoting *Traveler's Indemnity Co. v. Royal Oak Enters., Inc.*, 344 F. Supp. 2d 1358, 1368 (M.D. Fla. 2004)). Thus, a decision regarding ASIC and Mt. Hawley's potential liability by this Court is premature until the state court resolves the key factual disputes in the underlying suit. *See Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1361 – 62 (M.D. Fla. 2001). Though this Court could also conduct further discovery of the facts based on substantially similar evidence, the likely overlap in fact-finding between concurrent federal and state actions "doesn't exactly bode well for 'judicial economy.'" *Penn Millers Ins. Co.*, 2006 WL 2864402, at *2.

## IV. CONCLUSION

For the reasons above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendant Edvin Vazquez Calderon's Motion to Stay ASIC's and Mt. Hawley's Petitions for Declaratory Relief (ECF Nos. 39, 42) is **GRANTED**;
2. This case is **STAYED**;
3. Any pending motions are **DENIED** *as moot*; and
4. The Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case.

Parties shall notify this Court when the underlying state action has been resolved. **DONE and ORDERED** in Chambers, Miami, Florida, this 30th day of December 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*